**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case No.:**

FRANK REEDER,

Plaintiff,

v.

STAR LED, LLC,

Defendant.

______________________/

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, FRANK REEDER (hereinafter referred to as "Plaintiff"), was an employee of Defendant, STAR LED, LLC, (hereinafter referred to as "Defendant"), and brings this action on behalf of himself and all other similarly situated employees for overtime compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. § 201 *et seq*.

1. At all times material hereto, Plaintiff performed non-exempt duties as an inside sales representative for the Defendant in Fort Lauderdale, Florida, within the jurisdiction and venue of this Court.

2. Plaintiff was originally hired by Defendant as an employee in September 2015 and Plaintiff worked continuously for Defendant until approximately February 26, 2016. Plaintiff was paid a flat salary of $700.00 per week, regardless of the number of hours Plaintiff worked each week. During his entire employment tenure with Defendant, Plaintiff earned a gross sum of approximately $1,000.00. At no time did Plaintiff's commissions exceed 50% of his wages.

3. Based upon the information preliminarily available, and subject to discovery in this cause, Plaintiff regularly worked more than forty (40) hours in a workweek, and was never paid at the proper overtime rate. In fact, it was common for Plaintiff to work up to 50 hours per week. The duties performed by the Plaintiff during this time included but were not limited to placing telephone calls in order to effectuate the sale of LED lights. Plaintiff did not have the authority to hire or fire other employees.

4. Defendant, STAR LED, LLC, owns and/or operates a high efficiency lighting business and maintains a corporate office in Fort Lauderdale, Florida, that suffers persons such as Plaintiff to work on its behalf in providing labor for its business. This Corporate Defendant is within the personal jurisdiction and venue of this Court.

5. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff.

6. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendant.

7. This cause of action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. § 216(b) on behalf of Plaintiff and all other similarly situated employees during the material time.

8. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendant.

9. The records, if any, concerning the compensation actually paid to Plaintiff are in the possession and custody of Defendant.

10. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. § 216(b). At all times pertinent to this Complaint, the corporate Defendant was engaged in interstate commerce or in the production of interstate commerce as defined by the Act, 29 U.S.C. § 203(r) and 203(s). Specifically, Defendant manufactures its LED lights in China and markets them from a 10,000 square foot facility in Fort Lauderdale, Florida to consumers throughout the United States, and to countries around the world. (*See* www.starledonline.com) Based upon information and belief, the annual gross sales volume of the corporate Defendant was in excess of $500,000.00 per annum at all times material hereto. Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the Act.

11. At all times pertinent to this complaint, Defendant failed to comply with Title 29 U.S.C. § 201 *et seq.* in that Plaintiff performed services and labor for Defendant for which Defendant made no provision to pay Plaintiff or any similarly situated employee compensation to which they were lawfully entitled for all of the hours worked in excess of forty within a work week.

12. The additional persons who may become Plaintiffs in this action are Defendant's non-exempt employees who have worked in excess of Forty (40) hours during one or more work weeks on or after May of 2013 and did not receive time and one-half of their regular rate of pay for all of the hours they worked over Forty (40) in one or more work weeks.

13. Plaintiff has retained undersigned to represent him individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

14. Plaintiff re-alleges, and incorporates here by reference, all allegations herein above.

15. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

16. Defendant knowingly and willfully failed to pay Plaintiff and all similarly situated employees one and one half times their regular rate of pay for all hours worked in excess of forty (40) hours per week.

17. By reason of the said intentional, willful, and unlawful acts of Defendant, Plaintiff and all similarly situated employees have suffered damages and incurred costs and reasonable attorneys' fees.

18. As a result of Defendant's willful violations of the Act, Plaintiff and all similarly situated employees are entitled to liquidated damages.

19. In the event that liquidated damages are not awarded, Plaintiff demands pre-judgment interest.

20. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, FRANK REEDER, and all other similarly situated employees, demand judgment against Defendant, for the payment of compensation for all overtime hours at one and one-half his regular rate of pay for the hours worked for which he has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief. In the event that liquidated damages are not awarded, Plaintiff demands pre-judgment interest.

Dated: May 20, 2016

Respectfully submitted,

*/s/ J. Dennis Card, Jr.*
J. Dennis Card, Jr., Esq.
Florida Bar No.: 0487473
Email: dcard@consumerlaworg.com
Consumer Law Organization, P.A.
721 US Highway 1
North Palm Beach , FL 33408
Telephone: (954) 921-9994
Facsimile: (305) 574-0132
*Attorney for Plaintiff*

*/s/ Chad T. Van Horn*
Chad T. Van Horn, Esq.
Fl Bar No. 64500
Chad@cvhlawgroup.com
Matthew T. Moore, Esq.
Fl Bar No. 70034
matthew@cvhlawgroup.com
Van Horn Law Group, P.A.
330 N. Andrews Ave. Suite 450
Fort Lauderdale, FL 33301
Main: (954) 765-3166
Fax: (954) 756-7103
www.VanHornLawGroup.com
*Co Lead Counsel*